UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA M. HALL,

                              Plaintiff,

        v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                              Defendant.[1]

---

No. 20-CV-7320 (KMK) (JCM)

ORDER ADOPTING REPORT &
RECOMMENDATION

---

KENNETH M. KARAS, United States District Judge:

        Lisa Hall ("Plaintiff") brings this Action against the Acting Commissioner of Social

Security ("Defendant" or the "Commissioner"), pursuant to 42 U.S.C. § 405(g), challenging the

decision of an administrative law judge ("ALJ") to deny Plaintiff's application for a period of

disability and disability insurance benefits on the ground that Plaintiff is not disabled within the

meaning of the Social Security Act, 42 U.S.C. §§ 423, et seq. (*See* Compl. (Dkt. No. 1).)  On

September 9, 2020, the Court referred the case to Magistrate Judge Judith C. McCarthy ("Judge

McCarthy"), pursuant to 28 U.S.C. § 626(b)(1)(A).  (*See* Dkt. No. 6.)  Plaintiff and Defendant

both moved for judgment on the pleadings.  (*See* Dkt. Nos. 13, 19.)  On January 25, 2022, Judge

McCarthy issued a Report and Recommendation ("R&R") recommending that the Court deny

Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's Motion") and grant Defendant's

Cross-Motion for Judgment on the Pleadings ("Defendant's Motion").  (*See* R&R 32 (Dkt. No.

---

[1] As Judge McCarthy's R&R noted, Kilolo Kijakazi is now the Acting Commissioner of
Social Security and is substituted for former Commissioner Andrew Saul as the Defendant in this
Action, pursuant to Federal Rule of Civil Procedure 25(d).

22).)  Plaintiff filed Objections to the R&R on February 7, 2022, (*see* Pls.' Obj. to the R&R ("Pl.'s Obj.") (Dkt. No. 23)), and Defendant filed a Response February 22, 2022, (*see* Def.'s Resp. to Pl.'s Obj. ("Def.'s Resp.") (Dkt. No. 24)).  For the reasons discussed below, the Court adopts the result recommended in the R&R.

## I.  Discussion

### A.  Standard of Review

#### 1.  Review of a Report and Recommendation

A district court addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge."  28 U.S.C. § 636(b)(1). Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Rogers v. Astrue*, 895 F. Supp. 2d 541, 547 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)(2)).  "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onandaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citation omitted); *see also Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed one day late).  Moreover, "objections that

2

are merely perfunctory responses argued in an attempt to engage the district court in a rehashing

of the same arguments set forth in the original papers will not suffice to invoke de novo review

[of the magistrate's recommendations]."  *Belen v. Colvin*, No. 14-CV-6898, 2020 WL 3056451,

at *2 (S.D.N.Y. June 9, 2020) (alteration, citation, and italics omitted); *see also George v. Pro

Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016) (same).

## 2.  Review of a Social Security Claim

In evaluating a social security claim, the reviewing court does not determine for itself

whether the plaintiff was disabled and therefore entitled to social security benefits.  *See Cage v.

Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("[W]e do not substitute our judgment for

the agency's, or determine de novo whether the claimant was disabled." (citations, quotation

marks, alterations, and italics omitted)).  Instead, the reviewing court considers merely "whether

the correct legal standards were applied and whether substantial evidence supports the decision."

*Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).  Accordingly, a court may overturn an

ALJ's determination only if it was "'based upon legal error'" or "'not supported by substantial

evidence.'"  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Balsamo v. Chater*, 142

F.3d 75, 79 (2d Cir. 1998)); *see also Cage*, 692 F.3d at 122 ("[W]e conduct a plenary review of

the administrative record to determine if there is substantial evidence, considering the record as a

whole, to support the Commissioner's decision." (alteration in original) (quoting *Moran v.

Astrue*, 569 F.3d 108, 112 (2d Cir. 2009))).  "Substantial evidence, however, is 'more than a

mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'"  *Rosa*, 168 F.3d at 77 (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir.

1996)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (same).  In considering

whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the

entire record, including contradictory evidence and evidence from which conflicting inferences

can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ

follows a five-step analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, [the] claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity [("RFC")] to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177,

1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). The claimant bears the

burden of proof for the first four steps. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

If, however, the claimant proves that his impairment prevents him or her from performing his

past work, the burden shifts to the Commissioner at the fifth step. *See id.* There, the

Commissioner must prove "that there is other gainful work in the national economy that [the

claimant] could perform." *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002). If the

ALJ determines that a "significant number of jobs exist in the national economy that the claimant

can perform," *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014), the ALJ must deny

disability insurance benefits to the clamant, *see* 20 C.F.R. § 404.1520(a)(4)(v).

    B.  Analysis

    The Court adopts the recitation of facts set forth by Judge McCarthy in her thorough

R&R (*see* R&R 2–17) and assumes the Parties' familiarity with it.  The Court will repeat only

those facts relevant to the consideration of Plaintiff's Objections.

    Plaintiff's Objections repeat the same arguments raised in Plaintiff's Motion and boil

down to attempts to undermine the ALJ's analysis as it relates to the weight assigned to the

opinion of Dr. Ranga Krishna ("Dr. Krishna")—Plaintiff's treating physician—as well as the

weight assigned to Plaintiff's description of her own symptoms.  (*See generally* Pl.'s Obj.)[2]  The

Court finds these arguments unavailing.

    1.  Dr. Krishna

    Plaintiff raises a substantive and a procedural challenge to the ALJ's decision to give less

than controlling weight to the opinion of Dr. Krishna.  The Court will address each in turn.  As a

substantive matter, Plaintiff argues that the ALJ erred by failing to give Dr. Krishna's opinion

great weight.  (*See* Pl.'s Obj. 2, 5.)  While the medical opinion of a treating physician must

generally be given "controlling weight," an ALJ may disregard the opinion where it is

---

[2]  Plaintiff's arguments in her Objection largely reiterate her Memorandum of Law in Support of Her Motion for Judgment on the Pleadings. (*Compare, e.g.,* Pl.'s Mem. of Law in Supp. of Mot. for J. on the Pld. 12–14 (Dkt. No. 14) *with* Pl.'s Obj. 1–2.)  Where a plaintiff merely reiterates arguments made in previous filings, the Court can review for clear error. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that a court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge).  However, the Court has conducted a *de novo* review here.

contradicted by the weight of other record evidence or is internally inconsistent.  *See Olmo v.*

*Saul*, No. 19-CV-57, 2020 WL 7335312, at *3 (S.D.N.Y. Dec. 14, 2020) (citing 20 C.F.R. §

404.1527(d)(2)); *see also Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (summary order)

("A physician's opinions are given less weight when his opinions are internally inconsistent.");

*Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (same).  As Judge McCarthy observed, the ALJ

explained that Dr. Krishna's opinion was given little weight because his opinions were, in some

cases, self-contradictory and, in others, inconsistent with the opinions of several non-treating

physicians.  (*See* R&R 24.)[3]  In at least one instance, Dr. Krishna offered contradictory opinions

as to the maximum weight of objects that Plaintiff could occasionally lift, carry, and pull.  (*Id.* at

25.)  Moreover, Dr. Krishna's opinions as to the maximum weight that Plaintiff could

occasionally lift, carry, or pull were contradicted by multiple independent examiners who found

that Plaintiff had significantly greater physical strength.  (*Id.*)  While Dr. Krishna alternately

opined that Plaintiff could lift only 5 or 10 pounds, independent experts found that she had the

ability to lift 20 pounds or more.  (*Id.*)  Thus, the Court agrees with Judge McCarthy that the ALJ

provided sufficient reason to give Dr. Krishna's opinions little weight.  *See Snell*, 177 F.3d at

133 ("When other substantial evidence in the record conflicts with the treating physician's

opinion, however, that opinion will not be deemed controlling.  And the less consistent that

opinion is with the record as a whole, the less weight it will be given." (citation omitted)).

---

[3] Plaintiff also asserts that the ALJ improperly relied on Plaintiff's decision to opt for conservative treatment as a reason to discount Dr. Krishna's opinion.  (*See* Pl.'s Obj. 5.)  As Judge McCarthy noted, the ALJ improperly assessed Plaintiff's treatment regimen—which included arthroscopic knee surgery, physical therapy, and injections to control pain—as conservative.  (R&R 26–27.)  *See also Scognamiglio v. Saul*, 432 F. Supp. 3d 239, 250 (E.D.N.Y. 2020) ("Plaintiff's injections, physical therapy, and consistent use of prescription opioid pain-management medications rise above the level of 'conservative' treatment.").  However, on review, the Court agrees with Judge McCarthy's conclusion that there was other evidence in the record sufficient to substantiate the ALJ's decision.  (*See* R&R 25–28.)

Plaintiff also alleges that the ALJ failed to follow the proper procedure in assessing Dr. Krishna's reliability by not addressing several factors as required by the law of the Second Circuit. (*See* Pl.'s Obj. 3.)  An ALJ is required to "explicitly consider" the "*Burgess* factors" when determining what weight to give a treating physician's opinion, including: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'" *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curium)).  "An ALJ's failure to 'explicitly' apply the *Burgess* factors when assigning weight . . . is a procedural error." *Id.* at 96 (citing *Selian*, 708 F.3d at 419–20).  Where an ALJ procedurally errs, a court must undertake "a searching review of the record" to confirm that the ALJ properly followed the treating physician rule.  *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

Here, Plaintiff correctly points out that the ALJ did not explicitly address all of the *Burgess* factors in his opinion. (*See* Pl.'s Obj. 3.)  However, the Court agrees with Judge McCarthy that this procedural error was harmless.  (*See* R&R 25.)  First, while the ALJ did not explain in detail the inconsistencies between Dr. Krishna's opinion and that of the non-treating physicians, substantial evidence of those inconsistencies was present in the record, as the Court has recounted above.  Second, the ALJ did note in his opinion that Dr. Krishna was a specialist and described the frequency, length, nature, and extent of the treating relationship that Dr. Krishna had with Plaintiff.  (*See* ALJ Op. 107–09 (Dkt. No. 12).)  Finally, the ALJ did not explicitly address the amount of medical evidence supporting Dr. Krishna's opinions, but he did provide an assessment in several instances of the reliability of Dr. Krishna's treatment notes, including why those notes did not appear to support Dr. Krishna's conclusions.  (*Id.* at 108–11.)

Thus, the Court finds, as Judge McCarthy did, that although the ALJ committed procedural error by failing to explicitly consider the *Burgess* factors, a review of the record confirms that the ALJ's determination did not violate the treating physician rule. (*See* R&R 25.)

### 2. Plaintiff's Description of Her Symptoms

Plaintiff also claims that the ALJ failed to give the proper weight to Plaintiff's subjective description of her symptoms. (*See* Pl.'s Obj. 7.) However, "an ALJ is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Martes v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 750, 762–63 (S.D.N.Y. 2018) (quotations omitted). Additionally, the Court "must show special deference to an ALJ's credibility determinations because the ALJ had the opportunity to observe plaintiff's demeanor while testifying." *Jimenez v. Colvin*, 12-CV-6001, 2016 WL 5660322, at *13 (S.D.N.Y. Sept. 30, 2016) (internal quotations omitted). Judge McCarthy found that the ALJ properly pointed to inconsistencies between Plaintiff's testimony at the hearing and what she told the doctors during examinations, as well as inconsistencies with other evidence in the record, and gave specific reasons for not giving deference to Plaintiff's statements. (*See* R&R 30–32). *See also Urena v. Comm'r of Soc. Sec.*, 379 F. Supp. 3d 271, 287–88 (S.D.N.Y. 2019) (concluding that the ALJ properly considered and discounted Plaintiff's testimony regarding her ability to work due to inconsistencies between her allegations and the record), *appeal dismissed*, No. 19-1753 (2d Cir. Nov. 7, 2019). The Court agrees with her assessment.

### II.  Conclusion

For the foregoing reasons, the Court adopts Judge McCarthy's R&R, denies Plaintiff's Motion for Judgment on the Pleadings, and grants Defendant's Motion for Judgment on the

Pleadings.  The Clerk of Court is respectfully directed to terminate the pending Motions, (*see*

Dkt. Nos. 13, 19) and close this case.

SO ORDERED.

Dated:     September 30, 2022
               White Plains, New York

_____
              KENNETH M. KARAS
              United States District Judge